WILLIAMS, WHITE & CO.

v.

MICHAEL HENSLER.

*Master and Servant—Negligence of Master—Personal Injuries—Contributory Negligence—Fellow-servant.*

Where plaintiff was injured in defendants' employ while engaged in the work of painting a machine, through such machine's being set in motion by some of his fellow-servants, also at work upon it, such servants and plaintiff being ignorant of each other's presence, it is *held:* That it was not negligence for the foreman of defendants, under whom plaintiff was at work, to order him to paint the machine without informing him that others were also at work upon it, where plaintiff, by the exercise of reasonable care, could himself have seen that other workmen were engaged in testing the machine.

[Opinion filed December 8, 1890.]

Williams, White & Co. v. Hensler.

APPEAL from the Circuit Court of Rock Island County; the Hon. ARTHUR A. SMITH, Judge, presiding.

Messrs. BROWNING & ENTRIKEN and WILLIAM JACKSON, for appellants.

If the usual duties of certain parties bring them into habitual consociation, so that they have the power of influencing each other to the exercise of proper caution in the master's work, then all such are fellow-servants toward each other in a legal sense. C. & N. W. R. R. Co. v. Moranda, 93 Ill. 302; Same, 108 Ill. 576; C. & E. I. R. R. Co. v. Geary, 110 Ill. 383; C. & A. R. R. Co. v. May, Adm'x, 108 Ill. 288; Abend v. T. H. & I. R. R. Co., 111 Ill. 211; Lincoln C. M. Co. v. McNally, 15 Ill. App. 181; C. & A. R. R. Co. v. O'Bryan, 15 Ill. App. 134.

To constitute a fellow-servant it is not necessary that they must be doing the same kind of work at the same time and place. It is sufficient if they are engaged in the same line of employment; if, in such employment, there is a rational and necessary connection between the different parts thereof, such as necessarily brings the servants into frequent contact with each other in the prosecution of their work; if the work of each, whatever it may be, has for its immediate object a common end or purpose sought to be accomplished by the united efforts of all.

The relation of master and servant does not impose an obligation on the part of the master to take more care of the servant than he may be reasonably expected to take himself. Whittaker v. Combs, 14 Ill. App. 498.

The law does not impose a requirement that a master shall inform a servant of the danger in the manner of performing every act or duty; only in such cases where the master knows of the danger and the servant is unable to learn it by the exercise of reasonable care and diligence. C., R. I. & P. Ry. v. Clark, 108 Ill. 118.

The first duty of a servant is to take reasonable care of his own safety. P. C. & St. L. Ry Co. v. McGrath, 115 Ill. 176.

A master is not required to inform his servant of obvious dangers. Such dangers as a servant necessarily sees or appertain to the service, he assumes. U. S. Roll. Stock Co. v. Wilder, 116 Ill. 111.

Messrs. J. M. BEARDSLEY and J. T. KENWORTHY, for appellee.

That the appellants are responsible for the negligent acts of its superintendent, by which an employe is injured in the line of his duty and while obeying instructions from the superior, whether it be Grimes or Hunt, is no longer an open question in this State. Ever since the May case, it has been the accepted law of this State that in the superintendent, who had the power to hire and discharge men, the master was present, and that when an employe is injured, in and about the business of the master, by obeying the commands of the superintendent, and when the employe is himself free from negligence, that he can recover for the injury. Chicago & Alton R. R. Co. v. May, 108 Ill. 288; Northwestern Rolling Mill v. Johnson, 114 Ill. 57; Chicago & Eastern Indiana R. R. Co. v. Geary, 110 Ill. 383; Moline Plow Co. v. Anderson, 19 Ill. App. 417; United States Rolling Mill Co. v. Wilder, 116 Ill. 100; Chicago & Northern Indiana v. Bingenheimer, 116 Ill. 226; Chicago & Alton v. Johnson, 116 Ill. 206.

The instructions on the part of the appellee, in this case, present the precise law, as we understand it, and with accuracy. The criticisms of the appellants, we think, are weak, and do not seem to be urged with any degree of confidence by it. We confidently submit them as stating the law of the case as favorable for the appellants as can be well stated, and that they are correct. The fifth instruction, as printed in the abstract, is not quite accurate; the word "from" after the word "believe" in the first line, should be inserted. The question of negligence of Grimes, as well as the negligence of the appellee, if the court should think he was negligent, were purely questions of fact for the jury. This has been held by numerous cases, and we cite only two late cases, viz.: Missouri Furnace Co. v. Abend, 107 Ill. 44; Railroad Co. v. Warner, 123 Ill. 38.

C. B. SMITH, P. J.    This was an action on the case brought by appellee against appellants to recover for an injury received while in the employment of appellants.    The plea was the general issue.    A trial, before a jury, resulted in a verdict for the plaintiff for $6,000.    The court overruled a motion for a new trial, and gave judgment on the verdict. Appellant brings the record to this court and assigns numerous errors.    In the view of the case we take it will be necessary to consider only the assignment of errors which assign that the verdict and judgment is against the evidence.

The facts of the case as stated by the plaintiff himself are very brief and are about as follows:    In February, 1889, the appellants were carrying on a machine shop in Moline, Illinois, where they manufactured large and heavy machinery. In carrying on their business they necessarily employed a good many men, among whom was the plaintiff.    On the 25th of February, 1890, appellants were just about finishing a large heavy machine called "buldozer."    The machine was inside the shop and two men had been working on it and testing it and getting it ready for shipment on the day appellee was hurt on it.    Appellee testifies that he was in the employment of the appellant, painting for it and doing odd jobs, and that on the day he was hurt, he was directed to go and paint and brush up this machine called "buldozer," so it could be shipped the next morning; and he says that Mr. Graves, the foreman, told him that the machine had been tested, and that he (appellee) supposed there was nothing more to be done about it except to paint it; that he did not know anybody else was working on it or near it, and that when he went to it and began to dust it preparatory to painting it he discovered a piece of babbitt metal between two of the cogs, and that he then took his finger and attempted to remove the babbitt metal from the wheel and that while his finger was on the wheel trying to remove the metal, one of the men who had been and was still working on the other side of the same machine put it in motion and that his fingers and hand were caught in the wheels, and so mashed and hurt that he was compelled to have a part of his arm amputated.    He testifies

that he did not see the other two men working on the machine, and that when they started the machine, they did not see him or know he was at work on it.    He also testifies that he could not see the men on the other side of the machine nor they him.    The negligence charged in the declaration is that the foreman directed him to go and paint the machine without telling him that other men were still at work on the machine, testing it, and in not telling the other men that the appellee was about to go to work on this machine, and that for want of such information, appellant was led to put his hand in a place of danger without knowing that fact and the other men not knowing appellee was at work on the machine, turned steam on to it, and thus caught his hand. Much of the material part of plaintiff's testimony as above given was contradicted.    But taking the case just as he himself states it, we think he entirely fails to establish any right of recovery against appellants.    The proof is clear that appellee and Jones, who started the machine, were fellow-servants in the same line of employment, working in and about the same shop together, knowing each other and having full opportunity to see and observe each other's habits and conduct.    They were so closely and intimately employed in the same general service and in each other's company, etc., as to bring them into such relationship and association as to bring them clearly within the rule making them co-servants.    It is perfectly certain that plaintiff's injury was the result either of his own negligence or of the negligence of his co-servant Jones, or the joint negligence of both of them.

There is not a particle of proof that any other of appellees' hands or servants have any connection with the injury to plaintiff's hand.    Grimes did nothing more than to direct appellant to go and paint the machine.    It was in broad daylight and nothing to prevent appellee from seeing the other men at work about the machine nor was there anything to prevent Jones from seeing appellee go to work on the machine.    We have no doubt that all these men engaged about that machine could have seen each other, had they used the slightest effort in that direction.    There can be no reasonable pretense that

the machine was of such character as to hide men from each other who were at work on it. The rule that one servant can not recover from the common master for an injury received from the negligence of a co-servant in the same line of employment and when they are working together, and when the master is not shown to have been negligent in the employment of servants, is so well and finally settled as the law of this State, that it needs no discussion nor citation of authorities in its support. It is earnestly urged that Grimes, the foreman, was guilty of negligence in ordering appellee to go and paint the machine and telling him it was tested and in not telling him the other men were still at work on it. Grimes denies making this order, but even if he made it, it does not help appellee, because appellee could see and know as well as Grimes, when he went to the machine, that Jones was then working at it and that it was not in fact finished and tested by the other men engaged on it. It is idle to claim that Grimes led him into this danger when appellee could see at once the other man at work on the machine.

We are of the opinion that giving to the plaintiff's own statement the most liberal construction that can be claimed for it, and conceding its absolute truthfulness, that he still fails to show any right to recover against appellant, and inasmuch as it is clear the plaintiff has no right to recover, the judgment will be reversed, but not remanded.

*Judgment reversed.*